IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JASON LEE HARRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 5:12-cv-6094-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This motion arises out of Movant Jason Lee Harris' ("Movant" or "Silva") conviction following a jury trial for being a felon in possession of a firearm and ammunition. The Court sentenced Harris to 112 months in prison.

Pending before the Court is Harris' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. 1) in which Harris purports to assert 14 claims of ineffective assistance of counsel. Because these claims are wholly conclusory, an evidentiary hearing is unnecessary and the motion is denied. The Court also declines to issue a certificate of appealability.

### Procedural History

The following summary of the procedural history in the underlying criminal case draws heavily from the Government's Response in Opposition (Doc. 6).

On May 4, 2010, a grand jury in the Western District of Missouri charged Harris with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and (2) being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

Assistant Federal Public Defender Larry Pace represented Movant at trial. After hearing evidence for two days, the jury convicted Harris on both counts.

Before the jury returned its verdict, however, the Court had the following colloquy with the Movant.

> THE COURT: I have a couple questions for you, Mr. Harris. Has any attorney other than Mr. Pace represented you during the course of this trial?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you satisfied with your attorney in this case?
>
> THE DEFENDANT: Yes, sir. I am.
>
> THE COURT: Do you have any complaints about anything he did or did not do in your case?
>
> THE DEFENDANT: No.
>
> THE COURT: Did he spend sufficient time with you to talk to you about your case, your options, your plea, your defenses?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Pace, do you have any questions of your client?
>
> MR. PACE: No, I don't, Your Honor. Thank you.
>
> THE COURT: All right. Thank you. We'll be in recess.

(Sent. Tr. at 217).

On March 29, 2011, Harris appeared for sentencing represented by Mr. Pace who had filed several objections to the Presentence Investigation Report (PSR). After hearing argument from the parties, the Court assessed a four level enhancement for possessing the firearm while

2

Case 5:10-cr-06006-DGK   Document 87   Filed 04/16/13   Page 2 of 6

committing another felony offense. The Court calculated a total offense level of 24 and a criminal history category of V. This yielded an advisory Sentencing Guidelines range of 92 to 115 months' imprisonment. Mr. Pace requested a sentence at the low end of the Guidelines. The Court sentenced Harris to 112 months' imprisonment on each count, to run concurrently.

Harris appealed, arguing the evidence was insufficient to support the conviction and that the two counts merged. *United States v. Harris*, 444 Fed.Appx. 110, 111 (8th Cir. 2011). Mr. Pace represented Movant on the appeal. The Eighth Circuit denied the sufficiency-of-the-evidence claim, but held the possession of ammunition count merged into the possession of a weapon count since both acts occurred at the same time. *Id*. at 112. The Eighth Circuit remanded, with instructions to resentence Movant on the single conviction. *Id*.

The Court resentenced Harris on December 12, 2011. Mr. Pace again represented Harris and requested a sentence at the low end of the Guidelines range (Sent. Tr. II at 8-9). After reviewing the sentencing factors set out in § 3553(a), the Court imposed a sentence of 112 months (Sent. Tr. II at 11-12).

Harris appealed the new sentence. *United States v. Harris*, 476 Fed. Appx. 800, 800 (8th Cir. 2012). Mr. Pace represented him on the appeal and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence was excessive. The Eighth Circuit reviewed the case, found no nonfrivolous issues, and affirmed. *Harris*, 476 Fed. Appx. at 800.

Harris now has filed a motion under § 2255, seeking to vacate his conviction and sentence. The Government concedes the motion is timely filed but argues it is meritless.

**Standard**

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial

3
Case 5:10-cr-06006-DGK   Document 87   Filed 04/16/13   Page 3 of 6

committing another felony offense. The Court calculated a total offense level of 24 and a criminal history category of V. This yielded an advisory Sentencing Guidelines range of 92 to 115 months' imprisonment. Mr. Pace requested a sentence at the low end of the Guidelines. The Court sentenced Harris to 112 months' imprisonment on each count, to run concurrently.

Harris appealed, arguing the evidence was insufficient to support the conviction and that the two counts merged. *United States v. Harris*, 444 Fed.Appx. 110, 111 (8th Cir. 2011). Mr. Pace represented Movant on the appeal. The Eighth Circuit denied the sufficiency-of-the-evidence claim, but held the possession of ammunition count merged into the possession of a weapon count since both acts occurred at the same time. *Id*. at 112. The Eighth Circuit remanded, with instructions to resentence Movant on the single conviction. *Id*.

The Court resentenced Harris on December 12, 2011. Mr. Pace again represented Harris and requested a sentence at the low end of the Guidelines range (Sent. Tr. II at 8-9). After reviewing the sentencing factors set out in § 3553(a), the Court imposed a sentence of 112 months (Sent. Tr. II at 11-12).

Harris appealed the new sentence. *United States v. Harris*, 476 Fed. Appx. 800, 800 (8th Cir. 2012). Mr. Pace represented him on the appeal and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence was excessive. The Eighth Circuit reviewed the case, found no nonfrivolous issues, and affirmed. *Harris*, 476 Fed. Appx. at 800.

Harris now has filed a motion under § 2255, seeking to vacate his conviction and sentence. The Government concedes the motion is timely filed but argues it is meritless.

**Standard**

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial

counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Thus, the analysis contains two prongs, a performance prong and a prejudice prong. Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006).

## Discussion

**A.     Movant's claims are patently inadequate and no evidentiary hearing is required.**

Movant raises 14 conclusory claims of ineffective assistance of counsel, all of which blame Mr. Pace for Movant's conviction and sentence. Each claim is similar. It begins, "Conviction/Sentence was the product of Counselor Pace's ineffective assistance of counsel due to his failure to . . ." and then is followed by a short conclusory allegation that fails to assert any facts. For example, claim 7 states, "Conviction/Sentence was the product of Counselor Pace's ineffective assistance of counsel due to his failure to: (a) reasonably challenge the Government's case at trial; and (b) meaningfully challenge the Government's witness(es) testimony.*" Next to an asterisk at the end of the document, Movant states, "Supporting Facts: Petitioner will rely on the written record and testimony of the parties, and cite additional facts in his subsequent brief."

4

No subsequent brief was ever submitted. Indeed, Movant did not even file a brief after the Court granted Movant an additional 30 days to file a reply brief to the Government's response. Consequently, the record is devoid of any factual allegations that could support any of Movant's claims.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

In the present case, Movant's claims are inadequate on their face because they are devoid of any factual allegations. These claims are so generic and lacking in specificity that they could be made word-for-word in almost every case where the movant was attacking his conviction for being a felon in possession of a firearm. Accordingly, the Court dismisses the pending motion pursuant to *Anjulo-Lopez v. United States*, 541 F.3d at 817, and *Sanders v. United States*, 347 F.3d at 721.

**B.     No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address

this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   April 16, 2013                             /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT